Filed 1/28/26  P. v. Miller CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B337509 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA004321) |
| v. | |
| KEITH CORTEZ MILLER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph J. Burghardt, Judge.  Reversed and remanded.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Louis W. Karlin and Kristen J. Inberg, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Keith Cortez Miller (defendant) appeals from a Penal Code section 1172.75 resentencing.[1]  When resentencing defendant, the trial court struck defendant's two section 667.5, subdivision (b) prior prison term enhancements but did not otherwise reduce defendant's sentence.  The problem—as argued by defendant and conceded by the Attorney General—is that the trial court reimposed a one-year sentence on one of the counts of conviction that a different panel of this court had previously ordered stayed pursuant to section 654.  We will correct that.

## I.  BACKGROUND

Defendant was convicted by a trial jury of kidnapping to commit robbery (§ 209, subd. (b); count 1), two counts of second degree robbery (§ 211; counts 2 & 4), unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count 3), two counts of first degree robbery (§ 211; counts 5 & 6), and first degree burglary (§ 459; count 12).  The trial court found defendant had sustained a prior serious felony conviction (§ 667, subd. (a)(1)) and served two prior prison terms within the meaning of section 667.5, subdivision (b).

The court sentenced defendant to a total term of 17 years and four months to life in prison.  The sentence was comprised of a life term on the aggravated kidnapping conviction; a consecutive term of six years for the robbery charged in count 5 plus one year for the firearm enhancement; consecutive terms of three years, two years of which were stayed pursuant to section

---

[1]     Undesignated statutory references that follow are to the Penal Code.

654, on both counts 2 and 4; and a final consecutive term of four years, 32 months of which were stayed pursuant to section 654, on count 6.[2] The court also imposed consecutive one-year terms for each of the two prior prison term enhancements and a consecutive five-year term for the prior serious felony conviction.

On direct appeal, a different panel of this court ordered stayed pursuant to section 654 what was effectively the one-year sentence on count 4. (The trial court had stayed two years of a three-year sentence, but this court ordered the full three-year sentence stayed.) We otherwise affirmed the judgment and defendant's abstract of judgment was amended to reflect a sentence of 16 years, four months to life.

### B. Defendant's Section 1172.75 Petition

In 2022, the Department of Corrections identified defendant as a prisoner entitled to resentencing pursuant to section 1172.75, a statute that deems most prior prison term enhancements invalid. Pursuant to this identification, the trial court struck defendant's two prior prison terms pursuant to section 667, subdivision (b) and ultimately held a full resentencing. In resentencing defendant, the trial court imposed nearly the same sentence that defendant was serving. There were only two material changes: the court reduced defendant's sentence by two years to account for the stricken prior prison term enhancements but the court effectively increased defendant's sentence on the count four robbery conviction by

---

[2]    The court also stayed sentences on counts 3 and 12 and the firearm enhancements on counts 1, 2, 3, 4, 6, and 12 pursuant to section 654.

again imposing the one-year (unstayed) term this court had previously ordered stricken.

## II.  DISCUSSION

The law of the case doctrine precluded the trial court from reimposing the one-year sentence on count four that was stayed pursuant to section 654.  Under that doctrine, when an appellate court ""'states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal.'""  (*People v. Stanley* (1995) 10 Cal.4th 764, 786; *People v. Barragan* (2004) 32 Cal.4th 236, 246.)  Where the facts are undisputed, the application of section 654 raises a question of law.  (*People v. Corpening* (2016) 2 Cal.5th 307, 312; *People v. Harrison* (1989) 48 Cal.3d 321, 335.)

In defendant's initial appeal, this court determined that the sentence on count 4 should be stayed pursuant to section 654.  That point is now law of the case and the trial court was therefore precluded from reimposing the one year sentence on that count.  The Attorney General concedes the cause should be remanded for a full resentencing, and because that will be our disposition, we need not discuss defendant's contention that the trial court did not account for amendments to section 654 (Assem. Bill No. 518 (2021-2022 Reg. Sess.)) when it last sentenced defendant.  That contention can be presented to the trial court in the first instance.

4

DISPOSITION

Defendant's sentence is reversed and the cause is remanded for resentencing consistent with this opinion.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

HOFFSTADT, P. J.

MOOR, J.